**John NASH, et al., Plaintiffs,**

v.

**CITY OF TYLER, TEXAS, et al., Defendants.**

**Civ. A. Nos. TY–79–73–CA, TY–79–98–CA.**

United States District Court,
E.D. Texas,
Tyler Division.

Oct. 10, 1989.

Larry R. Daves, San Antonio, Tex., George E. Barrett, Nashville, Tenn., David R. Richards, Austin, Tex.; Edward B. Cloutman, Dallas, Tex., for plaintiffs.

Charles Clark, Cameron McKinney, Tyler, Tex., Erick F. Klein, Jr., Dallas, Tex., Mary Keller, Asst. A.G., Austin, Tex., for defendants.

**MEMORANDUM OPINION**

JUSTICE, Chief Judge.

The sole question remaining in this protracted litigation is the question of the ap-

---

portioning of attorney's fees awarded by the court to plaintiffs as prevailing parties. The Court of Appeals for the Fifth Circuit on June 30, 1988 affirmed the ruling of this court that plaintiffs had prevailed, and affirmed the judgment of the court as to the amount of the fee awarded. *Nash v. Chandler,* 848 F.2d 567, 572 (5th Cir.1988). However, the Fifth Circuit held that the State of Texas was not jointly and severally liable for the fees in this action:

> It would be inequitable to require the State of Texas to contribute in equal proportion with those parties who not only committed the alleged constitutional tort, but who were the principal defendants in the ensuing litigation. We must remand for consideration by the district court of an appropriate division of the fees, based upon the extent to which the presence of the State of Texas in this case increased the costs of litigation.

*Nash,* 848 F.2d at 574.

This issue had been briefed by all parties when, on June 22, 1989, the Supreme Court of the United States decided, in *Independent Federation of Flight Attendants v. Zipes,* — U.S. ——, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989), that intervening parties in a Title VII case can be held liable "only where the intervenors' action was frivolous, unreasonable, or without foundation." — U.S. at ——, 109 S.Ct. at 2735–2737.

While the fee-shifting statute involved in *Zipes* is Section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k) rather than 42 U.S.C. § 1988, the statute involved in the instant case, there is no question that the reasoning of *Zipes* applies here as well, since "fee-shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." — U.S. at ——, 109 S.Ct. at 2733–2735 n. 2. Accordingly, the *Zipes* case is controlling.

All parties are in agreement that the involvement of the State of Texas in this civil action cannot be described as frivolous. In this view the court concurs. Therefore, no part of the attorney's fees will be borne by the State of Texas.

The City of Tyler reads the *Zipes* opinion to mean that plaintiffs must bear the cost of the attorney's fees which are attributable to the intervention of the state. This is not a necessary reading of *Zipes,* nor a compelling one. The opinion of the Supreme Court is careful to distinguish losing intervenors like Texas from losing defendants like Tyler:

> .... In contrast to losing ... defendants who are held presumptively liable for attorney's fees, losing intervenors like petitioner have not been found to have violated anyone's civil rights.

— U.S. at ——, 109 S.Ct. at 2735–2737.

Moreover, it should be recalled that the State of Texas was not originally a party to this action. Rather, it was defendant City of Tyler which drew the attention of the court to 28 U.S.C. § 2403(b), which required the court to notify the Attorney General of the State of Texas that the constitutionality of Article 5154d of the Texas statutes, the mass-picketing statute, had been challenged. And it was solely for the limited purpose of upholding the validity of the statute that Texas intervened.

The opinion in *Zipes* holds only that the fee-shifting provisions of § 706(k) and, by analogy, of § 1988 do not operate as between a prevailing plaintiff and a losing intervenor. It does not in any way require that attorney's fees governed by § 1988 are necessarily to be borne by a prevailing plaintiff rather than a losing defendant when a third party intervenes to vindicate its rights.

Nor does such a result follow from the policy of the fee-shifting statutes, whose intent is to allow injured plaintiffs to act as " 'private attorneys general,' vindicating a policy that Congress considered of the highest priority." *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968).

Nor can this court agree with the reasoning of the City of Tyler with respect to the effect of Justice Blackmun's concurrence. The mere fact that a concurring opinion relies on an alternative *ratio decidendi* to which the majority does not advert does not mean, as Tyler would have it, that such

reasoning has been rejected by the Supreme Court.

Accordingly, since the losing intervenor Texas may not bear the costs and fees mandated in this civil action, all reasonable fees and costs shall be levied against the City of Tyler, Texas.